which should mark the last resting place of himself and his wife; and also to set aside a sum sufficient to pay all of the expenses of himself and wife up to the time when the will could be probated and go into effect, and to set aside a sum sufficient to meet and to defray the funeral expenses of his wife. He had already made a fairly generous provision for the plaintiff; one which was absolute in its character; a provision which included her dower right. This seems to be the natural and reasonable interpretation of the clause in controversy, leaving in harmony all of the other provisions of the will, and assuring to the testator burial and a monument, and to his wife a sufficient sum, to be invested from his property, to meet the contingent expenses of her interment beside him at his last resting place; and also to provide for her care and maintenance up to the time of the probating of his will, at which time the preceding bequest to the plaintiff would commence to yield an income for her subsequent maintenance. This is the most favorable construction which can be given to the clause in controversy. While the court would be glad to give to the widow of Robert S. Barr all that could possibly be yielded from his estate, still we must remember that it was his will, and we must interpret its provisions according to his intention, with the best light which we have, under the circumstances of this case. I therefore direct that the surrogate of the county of Madison allow the expenses of the wife up to the time of the probating of said will, if not already allowed by the decree; and then set apart, to be invested, a sum which, in his judgment, will be sufficient to meet the burial and all of the funeral expenses of the plaintiff, under this interpretation of this provision of the will of Robert S. Barr. I further direct that the reasonable costs and expenses of this litigation be paid out of the assets of the said estate so set aside to await the determination of this action, and that the balance be distributed under a decree of the surrogate of the county of Madison in harmony with the other provisions of said will.

Ordered accordingly.

---

(18 App. Div. 397.)

### ZIEMER v. RAFFERTY.

(Supreme Court, Appellate Division, Second Department. June 29, 1897.)

VENUE—RESIDENCE OF PARTIES TO ACTION.
   The territory formerly constituting the village of Westchester, and annexed to the city and county of New York, for certain purposes, by Laws 1895, c. 934, remains so far a part of the county of Westchester that its inhabitants are to be deemed residents of the county of Westchester for the purpose of determining the venue of an action in the supreme court.

Appeal from trial term, Westchester county.

Action by Charles Ziemer against Julia Rafferty. From an order denying a change of venue, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. D. Benedict, for appellant.
John Hunter, Jr., for respondent.

WILLARD BARTLETT, J.  This action is triable, under section 984, Code Civ. Proc., in the county in which one of the parties resided at the commencement thereof.  The plaintiff and the defendant, when the suit was begun, both lived in the territory formerly constituting the village of Westchester, but which had been annexed to the city and county of New York, for certain purposes, by chapter 934, Laws 1895.  The defendant contends that the effect of the annexation act was to make both parties thereafter residents of the county of New York, and that the county of Westchester is, therefore, not the proper place of trial.  It is settled, however, that the annexed district in question has not become a part of the county of New York in the full and complete sense and for all purposes.  It remains included within the Second judicial district and department, and within the Twenty-Second senate district, and under the jurisdiction of the board of supervisors of Westchester county for the purpose of forming assembly districts.  People v. Supervisors of Westchester Co., 147 N. Y. 1, 41 N. E. 563.  In affirming the validity of the act of 1895, the court of appeals thus limited its operation.  The revised constitution, in directing the legislature to divide the state into four judicial departments, declared that the first department should consist of the county of New York, while "the others shall be bounded by county lines, and be compact and equal in population as nearly as may be."  Const. art. 6, § 2.  As the Second judicial department must be bounded by county lines under this constitutional provision, and as the court of appeals has already held that the annexed district is still a portion of that department, it follows that for some purposes, and those more particularly connected with the administration of justice, the annexed district continues to be a part of the county of Westchester.  We think it yet remains so much a portion thereof that persons who live there are to be deemed residents of Westchester county for the purpose of determining the venue of an action in the supreme court, under section 984, Code Civ. Proc.

The order appealed from should be affirmed.  All concur.