### In re CONKLIN.

(Supreme Court, Special Term, New York County.    August 3, 1897.)

PROCEEDINGS IN AID OF EXECUTION—TRANSFER.
   Proceedings for the examination of a judgment debtor, in aid of execu-
   tion, residing in that part of Westchester county which was annexed to
   New York City under Laws 1895, c. 934, will be transferred to the Sec-
   ond department, though the order for the examination was made by a
   justice of the supreme court, who failed to make it returnable to the
   Second department.

Proceeding against one Conklin in aid of execution.    Transferred to
Second department.

SMYTH, J.    It seems to be settled by the court of appeals in the
case of People v. Board of Sup'rs of Westchester Co., 147 N. Y. 1,
41 N. E. 563, and by the appellate division, Second department, in
Zeimer v. Rafferty (Sup.) 46 N. Y. Supp. 345, that that part of the
county of Westchester which was annexed to the city of New York,
under chapter 934 of the laws of 1895, still remains, for all judicial
purposes, the county of Westchester.    It also appears that at the trial
of the recovery of the judgment herein, and the issuing of the execu-
tion thereon, the judgment debtor was, and is now, a resident of said
county.    The order for her examination should therefore have been
made returnable before a justice of this court in the Second depart-
ment.    Any justice of this court had jurisdiction to make the order
in this matter; and when it is made to appear, as it has been, that the
order in question should have been made returnable before a justice
of the Second department, and not before me, an order will be made
transferring the proceeding herein to the Second department for fur-
ther proceeding thereupon.    Settle order on notice.